OLIVENCIA, PETICIONARIO Y APELADO, V. IRIZARRY, OPOSITORA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre administración judicial.

No. 1825.—Resuelto en julio 26, 1918.

HEREDEROS — DIVISIÓN DE PROPIEDAD — CESIONARIO. — Cuando una persona fallece dejando bienes, los herederos o cualquiera de ellos pueden insistir en que se practique la división de la herencia, y para tal fin generalmente se nombra un administrador. El derecho inherente en los herederos para pedir el nombramiento de un administrador radica asimismo en el cesionario de los herederos o de cualquiera de ellos.

ID.—ID.—NOMBRAMIENTO—PREFERENCIA—DISCRECIÓN DE LA CORTE.—Como el cesionario, que pidió el nombramiento de un administrador, era el dueño de la mayor participación en la herencia, el hecho de que su cedente, que era el cónyuge supérstite, tuviera preferencia sobre el apelante pero que esa cuestión de preferencia no fuera levantada en la corte inferior, no es razón para modificar la actuación discrecional de la corte al nombrar administrador a un extraño.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Angel A. Vázquez.*

Abogados del apelado: *Sres. E. Ramírez Nadal y Joaquín Nazario Figueroa.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Cuando una persona muere y deja bienes hereditarios los herederos y cada uno de ellos tienen derecho a insistir sobre la división del caudal hereditario y con este fin se nombra por lo general un administrador judicial, lo cual es correcto. Artículos 19–23 de la Ley de Procedimientos Legales Especiales de 1905. El derecho inherente a los herederos para pedir el nombramiento de un administrador judicial corresponde asimismo al cesionario de un heredero o herederos. Código Civil, art. 1414. El peticionario y apelado era tal cesionario.

La corte inferior nombró como administrador a un extraño a la herencia quien no era uno de los herederos y éste es el principal fundamento o motivo de error. Sin embargo, de los autos aparece que todos los interesados fueron citados

a una convocatoria, como requiere la ley, y no aparece que se hiciera oposición al nombramiento del administrador.

El apelado mantiene y así parece desprenderse de la orden de apelación, que el fundamento de la oposición era negar el derecho a que se nombrase administrador a persona alguna.   No se hizo petición alguna por parte de la apelante, suponiendo que ella tuviese preferencia, para que fuese ella la nombrada.   Dado el hecho de que el cesionario era dueño de la mayor participación en la comunidad y solicitaba la administración judicial, el hecho de que su cedente, esposo de la finada, tenía preferencia sobre el apelante y que esa cuestión de preferencia no fué presentada a la corte inferior, no encontramos razón alguna para intervenir en la discreción judicial ejercitada por la corte, por lo que es de confirmarse su sentencia.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.